UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT TENNESSEE

| | |
|---|---|
| RICKIE L. KING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Case No. 1:10-cv-185 |
| v. ) | |
| ) | Chief Judge Curtis L. Collier |
| KEITH MCCARTER, in both his ) | |
| individual and professional capacity ) | |
| as a Niota Police officer, ) | |
| CITY OF NIOTA, TENNESSEE, ) | |
| and NIOTA POLICE DEPARTMENT ) | |
| ) | |
| Defendants. ) | |
| ) | |

## **MEMORANDUM**

Before the Court is a motion to dismiss filed by Defendant Niota Police Department (Court File No. 4), and brought pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff filed no response to this motion. The Court has carefully reviewed the pending motion and supporting memorandum (Court Files Nos. 4, 5). For the following reasons, Defendant's motion to dismiss will be **GRANTED**.

## **I. RELEVANT FACTS**

According to Plaintiff's complaint, on December 24, 2009 Plaintiff was driving through the town of Niota, Tennessee when he was pulled over for speeding by Defendant Keith McCarter, an officer employed by Codefendant Niota Police Department. Following an argument with Officer McCarter about the reasonableness of the traffic stop, Officer McCarter placed Plaintiff under arrest for reckless driving and disorderly conduct. On the traffic citation, Officer McCarter wrote that Plaintiff refused to sign the citation, which Plaintiff alleges is untrue. Officer McCarter failed to

appear in court on Plaintiffs' court date, and so the charges against Plaintiff were dismissed. Plaintiff contends the actions of Officer McCarter constituted wrongful arrest and abuse of process, in violation of his Fourth and Fourteenth Amendment rights. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 against Officer McCarter and Codefendants City of Niota and Niota Police Department.

## II. STANDARD OF REVIEW

When reviewing a motion to dismiss for failure to state a claim, the Court must consider the sufficiency of the complaint pursuant to Fed. R. Civ. P. 12(b)(6). For purposes of this determination, the Court construes the complaint in the light most favorable to the Plaintiff and assumes the veracity of all well-pleaded factual allegations in the complaint. *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 859 (6th Cir. 2007). The same deference does not extend to bare assertions of legal conclusions, however, and the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). The Court next considers whether the factual allegations, if true, would support a claim entitling the Plaintiff to relief. *Thurman*, 484 F.3d at 859. Although a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief," *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting Fed. R. Civ. P. 8(a)(2)), this statement must nevertheless contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III. DISCUSSION

Upon the Court's review of the motion to dismiss, it is clear that Plaintiff has failed to state a claim for which relief may be granted against Defendant Niota Police Department. The Niota Police Department is not an entity capable of being sued under 42 U.S.C. § 1983. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (noting the Jefferson County Police Department was not an entity which could be sued, and Jefferson County was the proper defendant); *CP v. Alcoa Police Dep't*, No. 3:10-CV-197, 2010 WL 2698290 (E.D. Tenn. July 6, 2010) (granting 12(b)(6) motion to dismiss in favor of Alcoa Police Department, on the grounds that the Department was not an entity capable of being sued under section 1983); *Jones v. West Point Police Dep't*, No. 3:06-CV-172-S, 2008 WL 474413, at *2 (W.D. Ky. Feb. 19, 2008) ("Police departments of local governments are not entities which may be sued and the local government itself is the proper party to address a plaintiff's complaint against a police department.").

Since Defendant Niota Police Department is not a suable entity, Plaintiff's factual allegations, even if true, do not support a claim entitling Plaintiff to relief against this defendant. Accordingly, all claims against Defendant Niota Police Department will be dismissed.

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**